IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| CONSTANCE SEWING, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-4818 |
| | § | |
| STRYKER CORPORATION, STRYKER | § | |
| SALES CORPORATION, and | § | |
| HOWMEDICA OSTEONICS CORP. d/b/a | § | |
| STRYKER ORTHOPEDICS, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging that Plaintiff Constance Sewing received a defective hip implant that was designed, manufactured and marketed by Defendants Stryker Corporation, Stryker Sales Corporation, and Howmedica Osteonics Corp. d/b/a Stryker Orthopedics, are (1) United States Magistrate Judge Frances Stacy's memorandum and recommendation (instrument #43) under 28 U.S.C. § 636(b) determining that Defendants had shown good cause for transferring this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a) for "the convenience of parties and witnesses, in the interest of justice," and (2) Plaintiff Constance Sewing's objections (#45).

There is no dispute that this action could have been brought in the Northern District of California. The Magistrate Judge found that among the private interest factors under *In re Volkswagen II*,

-1-

545 F.3d 304, 315 (5th Cir. 2008)(*en banc*), *cert. denied sub nom. Singleton v. Volkswagen of America, Inc.*, 555 U.S. 1172 (2009), for evaluating a motion to transfer under § 1404(a), the Northern District of California is patently the more convenient forum because this case has no connection to the Southern District of Texas, while Plaintiff resides in the Northern District of California, she received her hip implant and all medical treatment there, and had revision surgery related to the implant there. Judge Stacy concluded that, favoring transfer, "there are more sources of proof located in California that may still need to be obtained, no sources of proof in the Southern District of Texas, and precedent holds that modern technology cannot remove the burden of out of state evidence." *Black v. Toys R Us*, C.A. No. H-08-3315, 2009 WL 7808955, *2 (S.D. Tex. Apr. 21, 2009)("While modern technology reduces the burden of out-of-state evidence, the burden remains."), *citing In re Volkswagen II*, 545 F.3d at 316.   Judge Stacy also found that the second private interest factor, the availability of compulsory process to secure the attendance of witnesses, also favored transfer because potential witnesses, including the surgeon who implanted the hip, Dr. Dominic Tse, and two doctors who cleared Plaintiff for her surgeries, Sujatha Sankaran and Sirisat Khalsa, and a records custodian necessary to authenticate medical records at trial are all located in San Francisco, California beyond the subpoena power of the Southern

District of Texas and that any trial subpoenas for them would be subject to motions to quash.  The third factor, cost of attendance for willing witnesses supported transfer, which would significantly decrease the cost and inconvenience for several non-party witnesses located in California, including three doctors, whose busy schedules would also make scheduling their testimony difficult. Regarding the last private interest factor, all other practical problems that make trial of a case easy, expeditious and inexpensive, Judge Stacy found that it weighs "only slightly" against transfer because although Defendants delayed filing their motion for nine months without presenting any specific justification after they obtained the necessary information and because the transfer might result in further delay in the resolution of this case, nevertheless the docket sheet and the parties' briefing failed to demonstrate "any notable amount of discovery related activity by either party" and the joint pretrial order is not due until January 2013.

As to public interest factors, the Magistrate Judge concluded that because cases are more quickly disposed of here than in the Northern District of California, the first factor, administrative difficulties flowing from court congestion, favors retaining this case here.  The second factor, localized interest in having localized interests decided at home, she found favored transfer because the Northern District of California is where Plaintiff

resides, where she sought treatment, where her physician is located, where her physician chose the device that was implanted, where it was implanted, and where it was ultimately removed. Although Plaintiff argued that the device was sold nationwide and thus both fora had an interest, Judge Stacy pointed out that the Fifth Circuit in *Volkswagen II*, 545 F.3d 318, found the argument that a defective product is available in another district "stretches logic in a manner that eviscerates the public interest in this factor" and "could apply to virtually any judicial district" in the country without consideration of those actually affected by the disputes giving rise to the case. Also favoring transfer is the third factor, familiarity of the forum with the law that governs the case, because California law most likely will control the case under Texas' "most significant relationship" test. Plaintiff has not disputed the application of California law. Neither party presented arguments regarding the last public interest factor, avoidance of unnecessary problems of conflict of laws or in the application of foreign law, so its effect is neutral.

The decision to transfer under § 1404(a) is within the sound discretion of the district court, which should strive to protect litigants, witnesses and the public against unnecessary inconvenience and expense by this power to transfer a case to another federal court in which the action might originally have

been brought.  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Under 28 U.S.C. § 636(b)(1) this Court must make a *de novo* determination of those portions of the memorandum and recommendation to which Plaintiff objects.

Plaintiff states that she "disagrees that the relative ease of access to sources of proof support[s] transfer" and that Defendants have no factual basis to support their claim that "some additional evidence may be present in California" because "medical records for all of Plaintiff's medical care and treatment related to her hip implant and hip issues in this case have been obtained by Defendants either through their own record requests or through records provided by Plaintiff."  She also complains that "the cost of attendance of witnesses in this case, particularly Plaintiff's treating physicians, may be assuaged through the use of technology such as video depositions," also fails to support transfer. Finally Plaintiff argues that a motion to transfer may be denied solely on the basis of undue delay by the movant, as was the case here.

The Count does not find that the Magistrate Judge abused her discretion in determining that a transfer to the Northern District of California would best serve the convenience of the parties and witnesses and the interests of justice.  Certainly that Texas is the Plaintiff's choice of forum has little weight in this case, given that she herself lives in the Northern District of California

and all the significant events of her hip implant treatment occurred there. Plaintiff's first objection is unpersuasive because it is obvious that the significant witnesses, including herself, and sources of proof are in the Northern District of California, and she does not identify any witnesses or sources of proof in Texas. Moreover Judge Stacy has provided authority for her determination that technology, such as video depositions, does not negate this factor and that the presence of witnesses at trial is much preferred over a video presentation. Plaintiff's strongest argument is in the long delay before Defendants' filed their motion to transfer. While that factor alone "may" support retention, it does not have to; the decision is left to the sound discretion of the district court. *Tobeh v. Brown Water Marine Service, Inc.*, Civ. A. No. 09-1419, 2009 WL 2762569, *1 (W.D. La. Aug. 27, 2009)(the language of § 1404(a) "is permissive rather than mandatory, and, accordingly, the court has broad discretion in deciding whether to order a transfer."), *citing In re Volkswagen*, 545 F.3d at 311. This Court observes that Plaintiff has not replied to refute the Magistrate Judge's finding that there is no notable amount of discovery related activity by either party and the joint pretrial order is not due until January 2013, with the trial not set until February 2013. Nor has this Court obtained any substantial familiarity with the case that would support judicial economy in retaining and trying this suit.

In sum, the Court OVERRULES Plaintiff's objections, concurs with and ADOPTS the Magistrate Judge's findings and recommendations as its own, and

ORDERS that Defendants' motion to transfer (#20) is GRANTED and this case is TRANSFERRED under § 1404(a) to the United States District Court in the Northern District of California.

**SIGNED** at Houston, Texas, this  14th  day of  August , 2012.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE